### HALL and others *v.* STERN and others.

*(Circuit Court, S. D. New York.   July 10, 1884.)*

PATENT MIRRORS—MEASURE OF DAMAGES.
    The defendants, retail dealers in fancy articles, had supplied themselves, up to a certain time, with a style of mirror of which the complainants had a monopoly in the United States, by purchasing the mirrors of complainants; they then began to import a like sort from Europe and sell them at a figure below complainants' price. They sold them at a loss. *Held* that, in estimating complainants' damages, the measure should be the profits they would have made on the trade which defendants diverted. The sales made by defendants are not the criterion of complainants' loss, because it cannot be legitimately inferred, under the particular circumstances, that the complainants would have sold as many mirrors as the defendants sold.

In Equity.

*Edmund Wetmore,* for complainants.

*Delos McCurdy,* for defendants.

WALLACE, J.   The proofs in this accounting do not show that the complainants lost the sale of their patented mirrors to the extent that

similar mirrors were sold by the defendants. Both parties were merchants in the city of New York. The complainants sold the mirrors mainly to retailers in that city. The defendants were retailers of general fancy goods. Up to the time when the defendants began to import mirrors and compete in the retail trade with complainants' customers, they had bought exclusively of the complainants, and their purchases were from $1,000 to $1,200 annually. They imported similar mirrors at a cost much below the price the complainants had charged for them, and sold them at greatly reduced prices to their customers, and sold three times as many as they had formerly sold during the same period of time. They made no profits on these sales, but sold at a loss. The proofs show that complainants would have had a monopoly of the sale of the mirrors in the United States during the period covered by the accounting if they had not been interfered with by the defendants; and that the defendants, by their conduct in importing similar mirrors and selling them at retail at a reduced price in the same market, prevented sales which complainants would otherwise have made to other retailers. The damages to which complainants are entitled is the loss which they sustained by the diversion of trade which they would have enjoyed if the defendants had not supplanted them in the market, and their consequent loss of profit on such trade. The master has awarded them damages on the theory that they lost the sale of all the mirrors imported and sold by the defendants during the period in question. The proofs do not justify this conclusion.

The question is not what speculatively the complainants may have lost, but what they actually did lose. If the defendants had not sold the patented mirrors to their customers, it does not follow that the complainants would have sold them to the same customers or to retail merchants. *Seymour* v. *McCormick,* 16 How. 480. If it had been shown that the ordinary sales of the complainants for the same market fell off during the period of the defendants' sales in an amount equal to, or even approximating reasonably to, the amount of the defendant's sales, the master's findings could be approved. *Hostetter* v. *Vowinkle,* 1 Dill. 329. But the proofs do not furnish satisfactory *data* from which to estimate the extent of the diversion of the complainants' trade in the mirrors, although enough appears to indicate that their sales fell off to the extent of the usual purchases of the defendants. The competition of the defendants had ceased so recently at the time of the accounting that the effect upon complainants' sales afterwards could not be satisfactorily established. For aught that appears, the defendants created a market by their own enterprise, and by selling the mirrors at a reduced price, that otherwise would not have existed.

It cannot be legitimately inferred that the defendants would have sold the same number of mirrors if they had maintained the higher price; on the contrary, it is fair to presume that the usual law of trade operated, and that the reduction in price attracted purchasers and in-

creased the number of sales. Especially is this so in view of the fact that the defendants sold two or three times as many mirrors annually after they reduced the price as they had sold before.

The remarks of JOHNSON, J., in *Burek* v. *Imhaueser*, 14 Blatchf. 21, are applicable:

"It was not made to appear that the plaintiff could have sold his watches to the persons who purchased from the defendants. * * * It cannot be known that those who bought the infringing article would have bought the plaintiff's watches under any circumstances. The difference in structure as well as the difference in price enters into that question, and no means are afforded for determining it."

It may be reasonably assumed, in view of the steady demand in the market for these mirrors at the original price, and in view of the exigencies of the defendants' trade as dealers in general articles of this description, that the defendants would have continued to deal in them as they had been accustomed to, and the amount of their annual purchases of the complainants in the past might stand as a fair criterion of their probable purchases in the future if they had not supplied themselves from other sources. Upon this basis, as the complainants' sales fell off to the extent substantially of the former purchases of the defendants, they are entitled to damages for the loss of profits which would have accrued to them upon sales which they would have made to the defendants. The sum allowed by the master is far in excess of such profits.

As a sufficient time has now elapsed to ascertain to what extent the ceasing of the defendants' competition increased the subsequent sales of the complainants, an element in the computation which was wanting at the time of the accounting may now be supplied. The case will be sent back to the master, with leave to the parties to re-open the proofs.

The exceptions are sustained.