### CORNELY v. MARCKWALD.

*(Circuit Court, S. D. New York. March 6, 1885.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES.

On an accounting under a decree finding that the defendant had infringed, all that the plaintiff proved upon the question of royalty was that he had instituted 10 or 11 suits against infringers, and in all the cases except one a settlement had been had between the parties—in some instances before and in others after a decree—by the payment of $50 for each infringing machine sold or used by the respective defendants. *Held,* that the evidence was insufficient to establish a price as for a fixed royalty.

2. SAME.

A patentee, in whose favor a decree of infringement has been entered, is not entitled to an allowance for the loss sustained by him by reason of the diversion of sales of the patented article, which he would have made but for the sales made by the defendant, when he fails upon the accounting to put in any evidence showing the cost of the articles.

3. SAME.

On an accounting for an infringement it appeared that the patentee had gradually reduced his prices from the time he first put his patented article on the market, down to the time when the defendant commenced to compete, and that this reduction had continued after the defendant was enjoined. *Held,* that the loss sustained by reason of the reduction in prices owing to the competition of the defendant was conjectural, and not the subject of damages.

In Equity. On exceptions to master's report.

*William H. L. Lee,* for plaintiff.

*William A. Coursen,* for defendant.

WALLACE, J. The complainant's exceptions to the report of the master upon the accounting under the interlocutory decree raise the question whether the master erred in finding that no damages were established by the proofs before him. The complainant insists that he is entitled to recover, upon the theory that he proved an established royalty for the use of his patented invention when licenses were granted by him to others. It appears that he instituted 10 or 11 suits against infringers, and in all these cases, except one, a settlement was made between the parties—in some instances before and in others after a decree—by the payment of the sum of $50 for each infringing machine sold or used by the respective defendants. No other testimony was offered bearing upon the question of royalty. Whatever effect it might seem proper to give this testimony were the question an open one, in view of the decision in *Westcott* v. *Rude,* 19 Fed. Rep. 830, where it was carefully con-

sidered by Woods, district judge, it should be held, as there held, that evidence of payments made for infringements is incompetent to establish a price as for a fixed royalty. See, also, *Shoe Co.* v. *Car Co.*, 19 Fed. Rep. 514. There are so often extraneous influences, considerations of expediency, coercion, and sometimes collusion, affecting settlements thus made, as to suggest strong practical reasons for rejecting the evidence as wholly unreliable. *Black* v. *Munson*, 14 Blatchf. 268.

The complainant also insists that he should be allowed for the loss sustained by him by reason of the diversion of sales which he would have made but for the sales made by the defendant. He failed, however, to give any evidence showing the cost of his machines, and therefore there was no basis for a computation of his loss of profits.

The conclusions of the master are fully approved concerning the alleged loss of the complainant by reason of the enforced reduction in his prices for his machine, owing to the competition of the defendant. A circumstance in addition to those suggested by the master, as tending to show this part of the plaintiff's claim to be merely conjectural, is found in the fact that the complainant gradually reduced his prices from the time he first put his machines on the market, down to the time when the defendant commenced to compete, and this reduction continued after the defendant was enjoined, the prices for 1882 being lower than they were in 1880. It is probable, from the fact that the defendant sold his machines at an average price of about $36 below the complainant's price, to the complainant's customers, that the complainant has sustained damages for which he has not been compensated, because he would probably have sold these machines himself, and realized his usual profit on them. But, in the absence of any proof to show what this profit would have been, no other conclusion was possible than that which was reached by the master. He may have sold his machines at a loss.

The exceptions are overruled.