## COVERT *v.* SARGENT *et al.*

*(Circuit Court, S. D. New York. March 18, 1889.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES—EVIDENCE.

The measure of damages for the infringement of a patent for which no licenses have been granted, is the profits which the patentee has lost by reason of the unauthorized sale, and he must show by satisfactory evidence to what extent the competition of the infringer has diverted sales from him. It is not necessary to show by direct evidence that he would have made all or any part of the sales made by the infringer, but he must prove facts and circumstances which legitimately create the presumption that he would have made them.

In Equity. On exceptions to master's report.

Action by James C. Covert against Joseph B. Sargent and George H. Sargent, for the infringement of letters patent No. 161,757, granted April 6, 1875, to complainant, for an improvement in "clasps or thimbles for hitching devices." The court found against the defendants, and directed a reference to a master to state an account of the profits, who reported, among other things, as follows:

"The infringement by the defendants consisted in selling thimbles and in selling cattle-ties constructed with the infringing thimble, a rope, and a snap. These articles, as sold by the defendants, were made by a corporation at New Haven, Conn., under the name of Sargent & Co., being the identical firm name under which the defendants carried on business in New York city. The defendants seem to have been the sales agents, without compensation, of the New Haven corporation, but they were largely interested as stockholders of the corporation, and received compensation for their services and expenses in the form of dividends on their stock. The competition between the defendants and the complainant was sharp and active, and the latter, in order to meet it, were forced to, and did, reduce the selling price of their product by enlarging the discounts. Complainant's trade and customers were diverted from them by the lower prices of the defendants, and many letters were received showing a preference for the complainant's device, should they meet the lower price quoted by the defendants. In this respect the complainant was seriously damaged, and the profits from the sale and use of their device were very materially lessened by the conduct of the defendants. It was stipulated by the counsel for the defendants that the New Haven corporation made a net profit on the infringing thimbles of $1,500, and that defendants' share therein was $1,000.

"From the foregoing facts I find as conclusions of law—*First*, that complainant is entitled to recover of the defendants the sum of $1,000, being the profits derived by them by use of the patented device; *second*, that there is no reliable basis upon which to compute profits beyond the amount named in the preceding finding; *third*, that the complainant has been greatly damaged in his enjoyment of the monopoly granted, but that the evidence presents no definite basis upon which such damages can be assessed; *fourth*, that the facts do not warrant the presumption that if the defendants had not used complainant's device, that the complainant would have sold as many thimbles and cattle-ties at the higher price charged by him, in addition to what he did sell, as were sold and disposed of by the defendants."

To this report both complainant and defendants excepted.

*William H. King,* for complainant. *John K. Beach* for defendants.

WALLACE, J.   The exceptions in this case challenge the correctness of the master's report, both as to the profits and damages which the complainant should recover for the infringement of his patent.   Where, as in the present case, a patentee elects to enjoy his monopoly under a patent by manufacturing and selling the patented device, without granting licenses, and another invades his right by making and selling it in competition with him, the measure of damages for the wrong is the profits which the patentee has lost in consequence of the unauthorized sales made by his competitor.   The difference between the cost price to the patentee and the price he could have realized except for the interference of the infringer represents the profit lost on each sale; but in order to establish the amount of his loss he must show by satisfactory evidence to what extent the competition of the infringer has diverted sales which he would otherwise have made himself.   This case seems to have been presented to the master upon the theory that the complainant was entitled to recover against the defendants the profits he would have made if he had sold all the infringing devices which were sold by the defendant. The cases are very rare and exceptional in which it can be presumed, without evidence directly to the point, that the patentee would have sold all the devices which were sold by the infringer.   Frequently competition stimulates the demand in the market for a given article, and the zeal and energy of competing dealers are an element which cannot be ignored.   The patentee is not required to show by direct evidence that he would have made all or some part of the sales which were made by his competitor, and indeed generally it would be impossible to do so; but he must prove facts and circumstances which legitimately create the presumption that he would have made the sales himself had it not been for the sales of the infringer.   In the present case it is impossible to determine from the testimony which has been introduced how many thimbles the complainant would have sold if the defendants, instead of selling the thimbles of the patent, had confined themselves to selling the other fastening devices, which they were at liberty to sell, and which were being sold by others.   The patented articles are not so superior to the other fastening devices as to give rise to any cogent presumption that those who purchased them of the defendants would have bought them of the complainant in preference to the other devices, and without reference to the difference in price, if they could not have bought them elsewhere.   Evidence, however, was given that customers of the complainant stopped buying the patented devices of him after the defendants offered them at a reduced price, and then became and continued customers of the defendants.   This testimony authorized the presumption that the complainant lost the sales made by the defendants to these purchasers; but here again the complainant failed to show the amount of his loss.   He did not prove how many thimbles the defendants sold. The statements of sales furnished by the defendants do not give the number, or any *data* from which the number can be computed.   The statements give the name and dates of sales, and the sums in gross charged or received; but the sums represent charges or receipts for other articles

sold with the thimbles, and do not give any information which enabled
the master to ascertain what part is for thimbles, or the number of thim-
bles sold.   The master could not have made any different findings with
respect to damages, and the exceptions to these findings must be over-
ruled.   The only evidence before the master to show that the defendants
made any profits by the sale of the patented thimbles is their own ad-
mission, in the form of a stipulation.   The evidence was that they were
the selling agents at the city of New York of a Connecticut corporation
by which the thimbles were manufactured, and sold the thimbles, as well
as other articles manufactured by the Connecticut corporation, without
commission.   The stipulation is that one of the defendants received
$750, and the other the sum of $250, from the Connecticut corporation,
which sum represented their respective interests as members of that cor-
poration in the profits made by the corporation from the manufacture
and sale of the thimbles.   There is no merit in the exceptions filed by
either party to the findings of the master in respect to profits.   The de-
cree, however, will charge each defendant with the profits which he
severally derived, instead of charging both jointly for $1,000.