### KINNER .v. SHEPARD et al.

(Circuit Court, D. Connecticut. March 19, 1901.)

#### No. 793.

PATENTS—ACCOUNTING IN SUIT FOR INFRINGEMENT—DAMAGES.

In estimating the damages sustained by a complainant by reason of the sale of an infringing article, if it appears that he was obliged to reduce his prices because of the competition caused thereby, or that his total profits were reduced in a larger proportion than the actual reduction of sales because the percentage of profit increased with the amount of sales, he is entitled to have such facts considered.

In Equity. Suit for infringement of patents. On exceptions to report of master.

William Edgar Simonds, for complainant.

E. B. Barnum, for defendants.

TOWNSEND, District Judge. Complainant's first exception is to the mode of computation adopted by the master. He says the master should have taken 241,888 dozen hoops at defendant George A. Shepard's estimated cost of $.09732 per dozen, making $23,540.54, and added to it the profit of $14.34, admitted by defendants' counsel in his brief, and therefrom deduce a selling price of $23,554.88, and from this deduct the master's estimated cost of $8,829.95, leaving $14,724.93 as defendants' profits. But the $14.34 profits admitted by defendants' counsel omit many items of cost included by defendant Shepard in said estimate, and there appears to be no serious question but that the total selling price of $16,727.08 is substantially correct. Complainant's first exception is overruled.

Complainant's fifth exception relates to the question of damages. He claims a finding that, except for the defendants' infringing competition, he would have sold an average of 117,000 dozen hoops annually for the years 1894, 1895, and 1896, and to April 30, 1897, at an average price of 12 cents per dozen, less discount, at a cost of 6 cents per dozen, making a profit of $20,530.22, and that he in fact only made a profit of $9,330.78, leaving a balance of $11,199.44, which he is entitled to recover. The amount of sales before defendants' competition began and after it ceased appear to support this contention. "If it had been shown that the ordinary sales of the complainants for the same market fell off during the period of the defendant's sales in an amount equal to, or even approximating reasonably to, the amount of the defendant's sales, the master's finding

would be approved."  Hall v. Stern (C. C.) 20 Fed. 788.  "The patentee is not required to show by direct evidence that he would have made all or some part of the sales which were made by his competitor, and, indeed, it would generally be impossible to do so; but he must prove facts and circumstances which legitimately create the presumption that he would have made the sales himself had it not been for the sales of the infringer."  Covert v. Sargent (C. C.) 38 Fed. 237.  The master finds that by defendants' competition complainant probably lost sales of 108,852 dozen, being somewhat less than the difference indicated by the sales before and after the period of competition.  Necessarily, in manufacturing, the percentage of profit on the amount sold increases with the amount of sales.  A certain amount of sales is necessary to meet fixed charges.  If complainant was obliged to reduce his prices by reason of infringing competition, or if thereby his total profits were reduced in a larger proportion than the actual reduction of sales, these facts should be considered in estimating damage.  Manufacturing Co. v. Sargent, 117 U. S. 536, 6 Sup. Ct. 934, 29 L. Ed. 954.  Defendants claim that various clerical errors occurred in making up the estimates adopted by the master, and at least one—that in regard to the amount of sales—was admitted on the argument.  As it seems probable that there was a mistake in estimating the cost of the clasps, and it is claimed that the cost of supervision was first deducted by defendants' counsel and again by the master, and it is possible that on a recalculation of these complicated accounts and estimates the profits may be found to be less than the damages, the report may be referred back to the master for consideration of any alleged errors of computation, and for a reconsideration of the amount of damages, in view of the foregoing suggestions, and with leave to take further evidence if the master shall deem it necessary or advisable.  The claim of complainant to treble damages, after consideration of the report and the evidence, is not sustained.