## DUNKLEY CO. v. VROOMAN et al.

## VROOMAN et al. v. DUNKLEY CO.

(Circuit Court of Appeals, Sixth Circuit. May 5, 1921.)

Nos. 3414, 3415.

1. Patents ⬤➡319 (1)—Evidence held to sustain report fixing 10 per cent. of selling price as reasonable royalty.

In a suit for infringement of a patent, evidence of the nature and extent of the business and of defendant's profits *held* to sustain the master's report, awarding 10 per cent. of the selling price as a reasonable royalty, though the fact that that royalty was fixed in the only instance of contract for the use of that patent would not be a compelling reason for determining it was a reasonable royalty.

2. Patents ⬤➡319 (4)—Interest on royalties before master's report held properly denied.

In a suit for damages for the infringement of a patent, where the master considered the fact that payment had been long delayed as one of the factors in determining the reasonable royalty allowed as of the date of his report, and in view of the rule that interest is not ordinarily computable on damages before liquidation, there was no error in refusing to allow interest before the date of the report.

Cross-Appeals from the District Court of the United States for the Southern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

Suit by Sarah A. Vrooman and others against the Dunkley Company for infringement of a patent. From a decree awarding damages for the infringement, both parties appeal. Affirmed.

Obed C. Billman, of Cleveland, Ohio, for plaintiffs.

Fred L. Chappell, of Kalamazoo, Mich. (Chappell & Earl, of Kalamazoo, Mich., on the brief), for defendant.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Both parties appeal from a final decree awarding damages for infringement by the Dunkley Company of the same Vrooman patent which was once sustained by this court. Vrooman v. Penhollow, 179 Fed. 296, 102 C. C. A. 484. The patent expired in 1914, the amount of damages is small, and no claim now made by either party seems important in its effect outside of this case. We therefore content ourselves with stating merely our conclusions.

1. The specification describes a machine for topping onions, and the claims call for a machine for topping vegetables. Whether these claims rightly cover the defendant's cherry stemmer is by no means free from doubt; but they are capable of a sufficiently broad construction, and this court thought the invention one of real merit. We are not satisfied that we should disturb the finding of infringement.

[1] 2. The master awarded damages on the theory of a reasonable royalty, which he fixed at 10 per cent. of the selling price. The single instance of contract royalty which fixed this 10 per cent. rate would not of itself be a very compelling reason for fixing a reasonable royalty at

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the same amount, since the contract also involved other elements; but the master acted upon the whole record. The character of the machine and the nature of the business and of the parties were put before him, and it appeared that, although the defendant made no profits upon the business, because most of the machines which it manufactured did not stay sold, yet about two-thirds of the selling price of each machine represented the computed gross profits on that machine. Upon such a record, the fixing of 10 per cent. as a reasonable royalty for an underlying patent has ample support.

[2] 3. The fact that payment had been long delayed was one of the factors entering into the master's fixing of a reasonable royalty as of the date of his report. Since this was true, and since interest is not ordinarily computable on damages before liquidation, there was no error in not awarding to plaintiffs interest before the date of the master's report. The final decree might well have awarded interest after the date of the master's report; but it did not, the interval between the report and the decree was brief, and the decree, by state statute, draws interest from its date.

4. The plaintiffs were not manufacturing cherry stemmers, and did not, during the life of the patent, suffer damages from the manufacturing of those machines which were sold by defendant practically on trial and returned to it by the purchasers and never paid for. Some of them were again sold, after the patent expired, but this was after a substantial rebuilding to obviate the defects of the form built during the life of the patent.

5. The question of infringement was too doubtful to leave room for any award of extra damages on account of a willful infringement.

6. The other specific complaints by plaintiffs, as to the master's report and decree, we think are without substantial merit.

The decree will be affirmed, with interest upon the awarded damages from its date. Neither party will recover own costs in this court.