## AUSTIN–WESTERN ROAD MACHINERY CO. v. DISC GRADER & PLOW CO.*

.(Circuit Court of Appeals, Eighth Circuit.   July 2, 1923.)

No. 6171.

1. Patents ⬳324(1)—Contention that there was no proof that plaintiff marked its device held waived, because not timely raised.

Where defendant's contention, in patent infringement suit, that there was no proof of marking of the patented device or notice of infringement was not raised when decree was entered on mandate of Circuit Court of Appeals, nor before special master on accounting, nor before trial court on exceptions to master's report, nor by assignment of errors on appeal from judgment on the accounting, it was waived.

2. Patents ⬳324(5)—Decree entered on mandate, when not appealed from, held conclusive as to right of full recovery.

Decree entered on mandate of Circuit Court of Appeals in patent infringement suit, adjudging that plaintiff recover defendant's profits and plaintiff's damages sustained since date of patent and within six years prior to commencement of the suit, was conclusive, when not appealed from, that plaintiff was not precluded from recovering for part of the infringements for want of proof of marking of the patented device or lack of notice of infringement.

3. Patents ⬳324(5)—Former opinion and decree entered pursuant to mandate held conclusive that defendant manufactured and sold infringing devices.

Statement in opinion on former appeal in patent infringement suit that plaintiff had manufactured and sold infringed devices, and decree entered pursuant to mandate adjudging that it had infringed by manufacturing and selling such devices, *held* conclusive that it manufactured, as well as sold, such devices.

4. Patents ⬳312(2)—Evidence of royalty charged third person by patentee held admissible on question of damages.

Where no established royalty for patented device existed, evidence of amount charged third person by patentee was admissible on question of reasonable royalties to be allowed as damages, though it was paid for right to use other patents and other claims of the same patent which had been held invalid, as well as the claims infringed.

5. Patents ⬳312(2)—Evidence of plaintiff's manufacturing cost admissible to show defendant's purported cost excessive.

Where no established royalty for patented device existed, evidence of manufacturing cost to plaintiff was admissible, as tending to show that defendant's purported manufacturing costs were excessive.

6. Patents ⬳319(1)—Reasonable royalty determined from character of invention, cost of manufacturing and marketing, etc.

Where no established royalty for patented device existed, reasonable . royalties, to be allowed as damages for infringement, should be determined from evidence as to character of invention, cost of manufacturing and marketing, sales price, demand, etc.

7. Patents ⬳319(1)—Allowance in addition to royalty not error.

Where defendant, whose infringement of patent produced no profits and caused patentee no damage through .lost sales, constructed infringing devices by making immaterial change of form and position, with full appreciation of utility of patented combination, it was not error to grant additional allowance of 15 per cent., in addition to reasonable royalty allowed as damages.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied October 11, 1923.

**8. Patents ⬤⟶319(1)—Reasonable royalty recoverable for infringement without respect to profits.**

Reasonable royalty is measure of damages for infringement of patent, and recoverable without respect to profits, especially where there were no profits.

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by the Disc Grader & Plow Company against the Austin-Western Road Machinery Company. From a judgment for plaintiff, defendant appeals. Corrected and affirmed.

Dwight B. Cheever, of Chicago, Ill. (Howard M. Cox, of Chicago, Ill., on the brief), for appellant.

A. C. Paul, of Minneapolis, Minn., for appellee.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. Upon a former appeal of this cause (254 Fed. 430), this court directed the court below "to enter a decree in favor of the Grader Company and against the Road Company for an infringement of the first and third claims of letters patent No. 816,-543, and for the usual injunction and accounting." Upon the accounting made pursuant to said mandate, the special master found that the defendant, the Road Company, had sold 269 disc plows containing the devices; that it had made no profits; that plaintiff had suffered no damage through lost sales or hurtful competition; that there was no established royalty; that $20 was a reasonable royalty to be paid for each infringement; that the plaintiff, the Grader Company, was entitled to a judgment for the sum of $5,380, with interest thereon from February 19, 1919, the date of the last sale, at the rate of 6 per cent. per annum. The special master found further that the infringement had been deliberate and wanton, and recommended an additional allowance of 15 per cent. of the said sum of $5,380. The trial court overruled the exceptions of each of the parties to the report of the special master, and entered judgment in accordance with the report in favor of the plaintiff and against the defendant for the total sum of $7,445.93. The defendant has appealed from this judgment.

It appears from the record that 182 of the 269 infringing devices sold by the defendant were sold before the commencement of this suit. In their reply brief counsel for appellant call attention to section 4900 of the Revised Statutes (Comp. St. § 9446), and say:

"There is no proof whatever, either in the original record, case No. 5141, or in this record, of written or any sort of notice of alleged infringement of the patent in suit served on the defendant, and no evidence of statutory marking of devices made and sold by the plaintiff. The bill of complaint alleges these acts; the answer denies them; but there is no proof. * * * In this view of the case, the judgment, if affirmed in all other particulars, must be reduced 182/269ths, or to $1,854.56."

The record brought up on this appeal begins with the record of the filing in the court below of the mandate of this court upon the former

appeal. Following this the record contains the decree of the trial court entered pursuant to said mandate, the proceedings before the special master, the report of the special master, the exceptions of the parties to the report of the special master, the order of the trial court approving the report of the special master, and the judgment entered pursuant to said order.

[1, 2] The point raised in counsel's reply brief was not raised in the court below when the decree on the mandate was entered, nor before the special master upon the accounting, nor before the trial court upon exceptions to the report of the master, and it is not raised in appellant's assignment of errors. By this long-continued silence appellant waived the point; besides, appellant is concluded by the decree of the court below entered upon the mandate of this court. It is there adjudged that plaintiff recover of the defendant "the profits * * * which the said defendant has * * * made, * * * and * * * any and all damages which the plaintiff has sustained since the date of said letters patent No. 816,543, and within six years prior to the date of [the] commencement of this suit." That decree, entered on the 21st day of February, 1919, appellant has not appealed from. Appellant has only appealed from the judgment on the accounting entered on the 29th day of March, 1922. The rights of the parties were settled by the decree of February 19, 1919, and under the order of reference contained therein the only duty of the special master was to ascertain and report plaintiff's profits and damages "within six years prior to the date of [the] commencement of this suit." Rubber Co. v. Goodyear, 9 Wall. 788, 19 L. Ed. 566. This objection to the judgment must be overruled.

[3] The various contentions of appellant questioning the sufficiency of the evidence to support the judgment, based upon the assumption that appellant was only the seller of the infringing devices, do not call for separate consideration or extended comment, because the assumption is not warranted by the record. It is true there was evidence at the hearing upon the accounting before the special master that appellant was only a selling agency of the Austin Manufacturing Company for marketing the graders and plows containing the infringing devices manufactured by it, and the special master in his report gives some attention to this testimony. It may be true as a matter of fact that appellant was only a selling agency of the Austin Manufacturing Company, but so far as this accounting is concerned appellant was both the manufacturer and seller of the infringing devices. Judge Sanborn, in the opinion on the former appeal (254 Fed. 432), with the record before him, said:

"After the Road Company had learned, by its purchase and sale for some years of the Grader Company's patent rotary disc attachment, of the utility and superiority of Powlison's combination, it proceeded to manufacture and sell the attachment," etc.

And the trial court, in the decree entered pursuant to the mandate of this court, adjudged that "the defendant, the Austin-Western Road Machinery Company, has infringed upon said letters patent No. 816,-543, * * * by manufacturing" the patented device "and selling

the same," etc. Under this record it was not incumbent upon plaintiff to prove a reasonable royalty for selling only.

Appellant makes the further contention that there is no basis in the evidence for the allowance of $20, or any other sum, as a reasonable royalty for the manufacture and sale of the infringing device. There was evidence before the special master that plaintiff in 1909 granted to Russell & Co. a license to manufacture and sell the road-grading machine covered by patent No. 758,148 and the rotary disc plow attachments covered by patent No. 816,543. The Russell Company agreed to pay a royalty of $25 for each disc plow manufactured and sold embodying the inventions covered by the two patents. Apparently it was the intention that the plow manufactured and sold in connection with or as a part of the road-grading machine covered by patent No. 758,148 would have the attachments covered by patent No. 816,543. At the first hearing the trial court held patent No. 758,148 void for lack of invention. This ruling was affirmed in the former opinion of this court. There was no expert testimony as to what would be a fair apportionment of the Russell royalty between the two inventions which the company was licensed to manufacture and sell. It is argued that the evidence of the Russell royalty, with no testimony as to what would be a fair apportionment between the two inventions, was without probative value, and should not have been considered at all by the special master or the trial court in fixing the reasonable royalty to be allowed for the infringement of patent No. 816,543. And it is further contended that, even if an apportionment of the Russell royalty between the two inventions had been made, the part apportioned to patent No. 816,543 would not be evidence of a reasonable royalty to be allowed in this case; the contention is that a second apportionment of the part apportioned to patent No. 816,543 would have to be made between claims 1 and 3 of patent No. 816,543, held valid and infringed in the former opinion of this court, and the other numerous claims made in said patent. Only this final apportionment, it is argued, would have any probative value in fixing the royalty to be allowed in this case.

[4-6] In addition to the Russell royalty, there was the following evidence bearing upon the question of reasonable royalty: There was evidence purporting to show approximately the defendant's costs of manufacturing the infringing devices, its selling expenses, and the prices at which the plows containing the infringing devices were sold. Plaintiff introduced evidence purporting to show the manufacturing cost to it of the patented device—the purpose being to prove that defendant's purported manufacturing costs were excessive. It is the contention of appellant that this evidence, as well as the evidence respecting the Russell royalty, was incompetent. We think both competent. Where general damages by way of a reasonable royalty are allowed there is no mathematical formula for their determination. The purpose in view in any particular case is to determine what amount a person desiring to manufacture and sell the patented article would, as a business proposition, be willing to pay as a royalty; that is, what amount could he fairly pay as a royalty and be able to make and sell in the market the patented article at a reasonable profit to himself.

Since no established royalty exists, the master and the trial court, for the purpose of determining a reasonable royalty, must resort to and rely upon other evidence. Such evidence would be directed to the character of the invention, costs of manufacture, costs of marketing, sales prices, demand, etc. Royalties paid in more or less similar situations would be considered, although the weight of such evidence in any particular case might be slight. In this case the special master and the trial court were both of opinion that $20 was a reasonable royalty to be paid by the defendant for each of the infringing devices manufactured and sold by it. We see no reason for disturbing this conclusion. Dunkley Co. v. Vrooman (C. C. A.) 272 Fed. 468; Malleable Iron Range Co. v. Lee (C. C. A.) 263 Fed. 896.

[7] Objection is also made to the 15 per cent. increase of the awarded damages. This increase was recommended by the special master. It was the judgment of the trial court, which heard all the evidence submitted in the main case, that the increase in the damages recommended by the special master was proper, and judgment was entered accordingly. Judge Sanborn, who also had the record in the main case before him (254 Fed. 432, 433), speaking for the court, said:

"After the Road Company had learned by its purchase and sale for some years of the Grader Company's patent rotary disc attachment, of the utility and superiority of Powlison's combination, it proceeded to manufacture and sell the attachment. * * * No escape has been found from the conclusion that the Road Company's device was conceived and constructed with a just and high appreciation of the utility of the combination and co-operation with the other elements specified in claims 1 and 2 of Powlison's second patent. * * * By making immaterial changes of form and position of some of the elements of that combination and the substitution of one mechanical equivalent for another, the Road Company has constructed a device which accomplishes the object it sought."

Although we do not have the record in the main case before us, it is reasonably conclusive the trial court did not err in increasing the damages.

[8] The contention that "the judgment should be reversed, because it exceeds the actual total profit made by defendant," is clearly without merit. A reasonable royalty is a measure of damages, and is recoverable without respect to profits. Dowagiac Mfg. Co. v. Minnesota Plow Co., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398; Dowagiac Mfg. Co. v. Deere & Webber Co. (C. C. A.) 284 Fed. 331. Besides, in this case there were no profits. McKee Glass Co. v. H. C. Fry Glass Co., 248 Fed. 125, 160 C. C. A. 265.

Appellant filed and the trial court overruled nine exceptions to the report of the special master. The court assessed costs against the appellant for ten overruled exceptions—an obvious mistake, which the trial court is directed to correct. With this exception we find no error in the record, and the judgment of the court below, corrected as to the item of cost above mentioned, is affirmed. Costs to appellee.