492

**AMERICAN CAN CO. v. GOLDEE MFG. CO., Inc.**

District Court, E. D. New York.   November 15, 1927.

No. 1046.

Munday, Clarke & Carpenter, of Chicago, Ill., for plaintiff.

Mock & Blum, of New York City, for defendant.

CAMPBELL, District Judge.   This is a hearing on exceptions to the master's report on an accounting in an action for an infringement of patent No. 1,316,240, for lunch box, issued by the United States Patent Office, to John M. Hothersall, assignor to American Can Company, and dated September 16, 1919.

There were two claims of the patent involved in the suit before the court.

Claim 1 was held invalid and reads as follows: "A lunch box comprising a body, and a cover hinged to the same, said cover being of campanulate form in cross section, a thermos bottle arranged parallel with the hinge of the cover and seated within the upper part of the same and held from sidewise movement by the curved side walls of the cover, and a spring arranged across the lower part of the cover and movably connected with the sides thereof and bearing on the under side of the bottle to press the latter into its said seat."

Claim 2 was held valid and infringed and reads as follows: "2. A lunch box comprising a body, and a cover hinged to the same, said cover being of campanulate form in cross section, a thermos bottle seated within said cover and held from sidewise movement by the curved side walls of the cover, and a spring arranged across said bottle at the inner side thereof and acting to press the bottle toward the top of the cover and into its seat therein, said spring having at one end a pivotal connection with the cover so as to swing on a vertical axis and having at the other end a detachable connection with the cover which connection holds the spring against turning on its pivot, said connection being releasable by pressing the end of the spring upward."

The patent was held to be for an improvement, and the improvement upheld and decreed by the court to have been infringed by the defendant consists of the particular clip or spring by means of which the bottle is held in place.

The manufacture of kits of the form and description of the base of the kit was not new, and various means of holding the bottle in place, such as leather straps and metal springs, were well known and some of them were on the market during the time of the alleged infringement.

The evidence presented before the master shows that the entire commercial value of the lunch kit was not due to the improvement covered by claim 2, but that the infringed improvement represented but a negligible part of its commercial value, and the defendant did a constantly increasing business, notwithstanding the fact that it was competing not only with the plaintiff, but

also with others, and changed the form of its clip or spring means four times.

The evidence presented before the master does not show that the salability of the kits in question was enhanced by the use of the infringing clip, but it was shown that there was no appreciable difference between the cost of manufacturing and installing such infringed clip and another manufactured by the defendant which this court held did not infringe.

■ The defendant having shown that the entire value of the infringing article was not due to plaintiff's patent, the burden of proof was on the plaintiff to separate and apportion the defendant's profits and the plaintiff's damages by evidence reliable and tangible and not conjectural or speculative. Westinghouse Electric & Mfg. Co. v. Wagner Mfg. Co., 225 U. S. 604, 32 S. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653; Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U. S. 641, 35 S. Ct. 221, 59 L. Ed. 398; Underwood Typewriter Co. v. E. C. Stearns & Co. (C. C. A.) 227 F. 74; Metallic Rubber Tire Co. v. Hartford Rubber Works Co. (C. C. A.) 275 F. 315. And this burden the plaintiff has not borne.

The cases of Armstrong v. Belding Bros. & Co. (C. C. A.) 297 F. 728, and Wales v. Waterbury Mfg. Co. (C. C. A.) 101 F. 126, are not in point, as all the profits in the case at bar are not attributable to the invention, and only in rare cases can the whole marketable value of a machine or a collection of devices be attributable to a patented feature which embraces merely an improvement in one of its parts. Westinghouse v. New York Air Brake Co. (C. C. A.) 140 F. 545.

No evidence was presented before the master from which it can be found that plaintiff has sustained any damage to its business due to the infringement.

■ There is no presumption that the use of the infringing design induced the defendant's sales. Dobson v. Dornan, 118 U. S. 10, 6 S. Ct. 946, 30 L. Ed. 63.

■ Plaintiff to prove damage was bound to show its profits upon the patented kits, and that it lost profits because defendant took away the sales or because it was compelled to lower its price by reason of the competition by the defendant. Diamond Stone-Sawing Mach. Co. v. Brown (C. C. A.) 166 F. 306; Hall v. Stern (C. C.) 20 F. 788; Cornely v. Marckwald (C. C.) 32 F. 292, affirmed 131 U. S. 159, 9 S. Ct. 744, 33 L. Ed. 117.

The court will not assume that if customers had not bought the infringing devices from the defendant, they would have bought them from the plaintiff. Underwood Typewriter Co. v. E. C. Stearns & Co., supra.

No evidence was presented before the master upon which any reasonable royalty could be determined.

The plaintiff was bound to prove the profits or saving resulting from the adoption of the patented idea, and how much a manufacturer could afford to pay for a license. Auto Vacuum Freezer Co. v. William A. Sexton Co. (D. C.) 250 F. 459, 463.

■ It is a matter of proof, and the master cannot, in the absence of proof, speculate as to what would be a reasonable royalty. Rude v. Westcott, 130 U. S. 152, 9 S. Ct. 463, 32 L. Ed. 888; Page Mach. Co. v. Dow, Jones & Co. (D. C.) 238 F. 369, 372, 373. This does not mean that no royalty could be found, because there was no express testimony as to the amount of a reasonable royalty, but simply that there was no evidence in this case on which there could be more than a guess as to a reasonable royalty.

The cases of K. W. Ignition Co. v. Temco Electric Motor Co. (C. C. A.) 283 F. 873, and National Tube Co. v. Mark (C. C. A.) 10 F. (2d) 430, cited by plaintiff, are not in point, because in both of those cases there was evidence on which an award of a reasonable royalty could be based.

There was no evidence presented before the master to show that damages or profits were not susceptible of calculation and determination with reasonable certainty, nor was any expert testimony offered to establish the damages or profits.

It therefore follows that no damages in excess of nominal damages can be awarded.

An extended consideration of the question of the amounts charged as paid for officers' salaries is not required, because I find that the plaintiff on the evidence before the master cannot recover more than nominal damages, and I approve the finding of the master as to the amounts which should be allowed for payments for officers' salaries.

The exceptions of the plaintiffs to the master's report numbered first, second, third, fourth, fifth, and sixth are each and all of them overruled and the report of the master confirmed.

The patent in issue had not been previously adjudicated, and the defendant made an honest defense and succeeded in having

one of the two claims in issue declared invalid; but it has not acted in such a way subsequent to the granting of the interlocutory decree as to move this court, as a court of equity, to impose the burden of all the costs on the plaintiff because it has failed to bear the burden of proof on this accounting.

A decree may be entered overruling the exceptions of the plaintiff to the master's report and confirming the master's report and for nominal damages, and requiring the plaintiff and defendant to each bear one-half of the allowance to the master and the disbursement of the reporter, but without further costs.