**AUSTRAL SALES CORPORATION v. JAMESTOWN METAL EQUIPMENT CO., Inc.**

No. 2010.

District Court, W. D. New York.

Sept. 20, 1941.

Bohleber, Fassett & Montstream, of New York City (William Bohleber and Frances H. Fassett, both of New York City, of counsel), for plaintiff.

Rogerson, Clary & Hewes, of Jamestown, N. Y. (Austin & Seabury, of New York City, J. Russell Rogerson, of Jamestown, N. Y., and Reuben T. Carlson, of New York City, of counsel), for defendant.

KNIGHT, District Judge.

This is a patent infringement suit. The matter now before the court arises on exceptions to the Special Master's report filed herein. The reference to a Special Master was made following the entry of a consent decree. Such decree enumerates twenty claims of Patent No. 1,956,277; five claims of Patent No. 1,977,474; and two claims of Patent No. 1,983,125, as valid and infringed by the defendant. The aforesaid patents relate to schoolroom wardrobes and hardware therefor. The reference to the Master directed him "to fix and state the amount of the gains, profits, benefits or

510

advantages received or enjoyed * * * by reason of the manufacture and sale" of the devices in question, and also "to determine and assess any and all damages which the plaintiff has sustained by reason of said infringing acts * * * and recommend the judgment to be entered thereon * * *."

■ The single objection of the plaintiff is that the Master erred in failing to make findings of fact upon which the plaintiff might rely in urging before this court that the judgment be trebled, as prayed in the complaint.

The Master did not err in this respect. As this court held in Utah Radio Products Co. v. Delco Appliance Corp., 24 F.Supp. 328, the question of treble damages should be determined by the court upon the record, following the accounting before the Master.

The defendant filed several exceptions to the report. The Master has specifically found that "no profits, gains, benefits or advantage for the defendant have been established" and "no special damages or loss of sales has been found." These findings are unchallenged. It is also found that "an assessment of 10% of the fair sales price of the wardrobes is a reasonable and conservative measure of general damages to be awarded plaintiff in lieu of special damages." Such fair sales value is found to be $46,729, and the Master recommends that judgment be entered in favor of the plaintiff in the sum of $4,672.90, plus interest from the date of filing of the report and plus costs.

The defendant excepts to the finding of any general damages. It urges that nominal damages only are allowable in view of the finding that no profits, gains or advantages to the defendant were established and no special damage or loss of sales found. This contention cannot be sustained. Sec. 4921 of the Revised Statutes, U.S.C.A. Title 35, § 70, specifically provides that where damages cannot be calculated or determined with reasonable certainty, the court may "decree the payment by the defendant to the complainant of a reasonable sum as profits or general damages for the infringement."

As was said in Suffolk Company v. Hayden, 3 Wall. 315, 320, 70 U.S. 315, 320, 18 L.Ed. 76: "This question of damages, under the rule given in the statute, is always attended with difficulty and embarrassment both to the court and jury."

■ The decree herein recites that all the patents in suit are valid and infringed and the presumption of damages is to be drawn from the unlawful use of the devices covered by these patents.

■ What was said in the American Telephone & Telegraph Co. v. Radio Audion Co. et al., D.C., 5 F.2d 535, may well be said here: "It seems to me inevitably to follow that a finding of validity and infringement is a finding that the person whose patent rights have been infringed has suffered damage."

■ Here we have a finding of validity and infringement. There is ample evidence of the utility and advantages of the patented devices; that a large number of sales have been made by the plaintiff under the patent in suit. Further, its value is indicated by the specification of the Board of Education, designating the plaintiff's wardrobe or its equal as the type it desired. The evidence amply supports the right to general damages.

■ In Dowagiac Manufacturing Company v. Minnesota Moline Plow Company, 235 U.S. 641, 35 S.Ct. 221, 224, 59 L.Ed. 398, it was held that there was no basis for assessment of damages upon the ground of lost sales, but the court said: "As the exclusive right conferred by the patent was property, and the infringement was a tortious taking of a part of that property, the normal measure of damages was the value of what was taken." Among other and numerous cases which support the rule that general damages are assessable though there have been no lost sales are; Marsh v. Nichols, Shepard & Co., 128 U.S. 605, 9 S.Ct. 168, 32 L.Ed. 538; National Tube Co. v. Mark et al., 6 Cir., 10 F.2d 430; Merrell Soule Co. v. Powdered Milk Co. of America, 2 Cir., 7 F.2d 297.

■ The proper measure of damages in the instant case is a reasonable royalty. Merrell v. Powdered Milk Co., supra; Austin-Western Road Machinery Co. v. Disc Grader & Plow Co., 8 Cir., 291 F. 301; Collins et al. v. Hupp Motor Car Corporation, 6 Cir., 22 F.2d 27; Standard Brands, Inc. v. Federal Yeast Corp., D.C., 38 F.2d 314. There are many authorities to the same effect.

■ The Master found that the total cost of installation of the wardrobe, less the item for selling, administration and

finance, was $36,280.32. To this he added 33⅓% as a fair mark-up profit, making a total of $46,729, which he called a fair selling price. On this fair selling price he computed the royalty of 10%. In this the Master was in error. Any royalty, if allowable, should be based upon the actual selling price of $28,562, less the cost of steel shelving, or $26,964. Autographic Register Co. v. Sturgis Register Co. et al., 6 Cir., 110 F.2d 883; International Vitamin Corporation v. E. R. Squibb & Sons, D.C., 13 F.Supp. 129.

The defendant asserts that the Master erred in not holding that the inventive subject matter of the patents in suit related to the hardware only, and therefore that an apportionment of the items should have been made. The defendant cites numerous cases in which the royalty basis is apportioned as between the patented parts in suit and other parts of the composite structure. It is not believed that this rule should be applied in the instant case. The facts seem distinguishable from the numerous cases cited which hold that an apportionment should be made. Defendant contends that the patents in suit cover only hardware for the wardrobe. This does not seem to be the fact. Different claims for Ellington Patent 1,956,277 cover recess wardrobe combination. A claim typical of these is claim 62, which recites: "A wardrobe of the character described including a plurality of doors, a rock shaft on the wardrobe, locking means, actuated by the rock shaft, a vertically movable rod in a door, an arm on the shaft, a lever pivoted intermediate its ends, a link between the arm and one end of the lever, a dog on the rod to engage the other end of the lever, a plate on the door to receive the dog slidably, and means to urge the lever normally in the direction of the dog." The blackboard itself is only a small part of the combination, and there seems no reason for any apportionment as to it. Clearly the shelving is not an essential part of the complete wardrobe. The cost of these items, as was heretofore shown, has been deducted from the sale price in arriving at a basis for an estimated general damage. There is no evidence in this case showing any amount assessable as a reasonable royalty. The law requires the best evidence. It would seem probable that an estimated value of royalty on these patents could be made by experts, those familiar with royalties paid on comparable devices. The statute contemplates proof of this character, 35 U.S.C.A. § 70. American Can Co. v. Goldee Mfg. Co., D.C., 31 F.2d 492, affirmed 2 Cir., 31 F.2d 494, is in point as are numerous cases therein cited.

The plaintiff asks treble damages on account of alleged wilful and wanton infringement. This should not be allowed. The defendant entered into the consent decree, thereby saving litigation over the patents. A single installation is involved. The defendant promptly discontinued construction of the type of wardrobe referred to. While there is evidence that they made the installation with the knowledge or opportunity for knowledge of these patents, there is evidence tending to disprove this. The contract for the installation in question was made before two of the patents in suit were issued. The plaintiff had knowledge of this contract before the installation was made. Defendant obtained no profit from the installation. The plaintiff, it reasonably may be said, could not have obtained the contract had the defendant not procured it.

Under all the facts and circumstances disclosed here, it seems to me that this is not a case for the awarding of treble damages. It is the Court's view that the plaintiff is entitled to recover general damages, and that the proper measure of these is a reasonable royalty based upon the contract selling price of the installation, as above fixed. In order to save delay and expense in a re-reference to a Master to determine the percentage of royalty, the Court will hear testimony as to this.